IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

BARBARA J. WOOLERY,            )
                               )
            Plaintiff,         )
                               )
vs.                            )   Case No. 07-0482-CV-W-ODS
                               )
INTERNAL REVENUE SERVICE and   )
TIMOTHY F. GEITHNER,           )
                               )
            Defendants.        )

ORDER AND OPINION GRANTING SUMMARY JUDGMENT

Pending is Defendants' motion for summary judgment (Doc. # 39). The Court concludes Defendants' motion should be granted.

I. BACKGROUND

This case involves complaints filed under two case numbers with this Court alleging employment discrimination. Plaintiff Barbara J. Woolery started working for the Internal Revenue Service in 1999 as a seasonal data transcriber. In 2004, Woolery filed an employment discrimination complaint with the Department of Treasury (DOT) alleging that she had experienced a hostile work environment based on her race (white) when her manager (black) falsely accused her of yelling at a coworker, attempted to exclude her from a birthday celebration, denied her request for leave on three occasions, and spoke to her in an aggressive and hostile tone. Woolery appealed the DOT's determination of no discrimination to the Equal Employment Opportunity Commission (EEOC), which affirmed the agency's decision. Woolery then filed a complaint with this Court (Case No. 07-0482-CV-W-ODS) generally alleging the same acts of discrimination and requesting damages of $1,000,000 in tax free money as well as injunctive relief.

In 2006, Woolery filed her second complaint of employment discrimination with the DOT, alleging that she was subjected to retaliation for her prior Equal Employment Opportunity (EEO) activity when management delayed submitting a time correction for her pay and changed her time sheet without her consent.  Woolery also complained that her work leader provided her with a quality review while she was working overtime and in the presence of another employee.  After obtaining no relief through the administrative process, Woolery filed her second complaint with this Court (Case No. 07-0735-CV-W-DW) generally alleging the same acts of retaliation as in her administrative complaint and requesting $5,000,000 in tax free money, attorney fees, and injunctive relief.

The Court consolidated Woolery's cases and Defendants moved for summary judgment.  Among other things, Defendants argue Woolery has failed to set forth sufficient evidence to establish her hostile work environment claim.  Defendants also contend Woolery has set forth no evidence establishing that managers had knowledge of her prior EEO activity as required for her claim of retaliation.  Defendants' arguments will be taken in turn.

## II.  DISCUSSION

Summary judgment is appropriate if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A genuine issue of material fact exists if a reasonable jury could return a verdict for the party opposing the motion.  *Humphries v. Pulaski County Special School Dist.*, 580 F.3d 688, 692 (8th Cir. 2009).

### A.  HOSTILE WORK ENVIRONMENT

Before attacking the claimed evidentiary deficiencies of Woolery's hostile work environment claim, Defendants first argue that Woolery's complaint linked to her 2004 allegations (Doc. # 6) fails to state a claim upon which relief can be granted because it

alleges "[r]eported cheating" to the basis of discrimination, not race. Likewise, Defendants argue the complaint must be dismissed for failure to exhaust administrative remedies because Woolery only complained of racial discrimination during the EEO process, not discrimination due to "reported cheating." While the Defendants' argument may have merit, the Court is inclined to grant Woolery some leeway due to her pro se status. Taking into account Woolery's EEO activity and her other filings, Woolery's claim is that she was subjected to a hostile work environment on account of her race. The question for the Court is whether Woolery has shown that material facts exist with respect to her claim to survive summary judgment.

To establish a prima facie case in a hostile work environment claim, Woolery must show that (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic under Title VII; (4) the harassment affected a term, condition or privilege of employment; and (5) employer liability. *Al-Zubaidy v. TEK Industries, Inc.*, 406 F.3d 1030, 1038 (8th Cir. 2005).

Federal harassment standards for a hostile work environment claim are "demanding." *Al-Zubaidy*, 406 F.3d at 1038. "[C]onduct must be extreme to amount to a change in the terms and conditions of employment.'" *Id.* (citation omitted). The reason federal standards are so demanding is to "'ensure that Title VII does not become a "general civility code."'" *Id.* (citation omitted). To that end, Title VII is violated only "'[w]hen the workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."'" *Id.* (citation omitted). A court "can determine 'whether an environment is "hostile" or "abusive" . . . only by looking at all the circumstances[, which] may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Id.* (citation omitted). To be actionable under Title VII, the work environment must have been both objectively and subjectively offensive. *Anderson v. Family Dollar Stores of Arkansas, Inc.*, 579 F.3d 858, 862 (8th Cir. 2009).

Here, even if this Court accepts Woolery's version of events as true, she cannot meet the demanding standard for her hostile work environment claim. Woolery cites the unsworn declaration[1] of a former coworker who asserted that Woolery's manager spoke to Woolery "in a very hostile tone always," adding that the manager was "pretty rough" and "real short" with Woolery. Woolery alleged that this same manager used an aggressive tone when speaking to her, falsely accused her of yelling at a coworker, improperly denied her requests for leave on three occasions, and intentionally attempted to exclude her from a birthday celebration. While these actions may seem rude and disrespectful, they are insufficient to constitute a hostile work environment under Title VII. *See Bradley v. Widnall*, 232 F.3d 626, 631 (8th Cir. 2000) (finding no hostile work environment where plaintiff alleged her supervisory duties were curtailed, that she was left out of the decision-making process, treated with disrespect, and subjected to false complaints); *Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1159 (8th Cir. 1999) (finding no hostile work environment where plaintiff was "unfairly criticized and often yelled at"). Defendants are entitled to summary judgment with respect to Woolery's hostile work environment claim.

## B. RETALIATION

To establish a prima facie case of retaliation, Woolery must demonstrate that (1) she engaged in statutorily protected conduct; (2) reasonable employees would have found the challenged retaliatory action materially adverse; and (3) the materially adverse action was causally linked to the protected conduct. Furthermore, Woolery must show that the employer had actual or constructive knowledge of the protected activity in order to establish unlawful retaliation. *Hervey v. County of Koochiching*, 527 F.3d 711, 722 (8th Cir. 2008) (citation omitted).

Woolery alleges that various management personnel retaliated against her due to her prior EEO activity. Notably, however, Woolery has set forth no facts to prove

---

[1] Unsworn declarations are admissible under 28 U.S.C. § 1746.

these other managers had *knowledge* of her prior EEO activity.[2] Woolery's sole basis for proving knowledge is that "managers have meetings and they know." This is speculative and entirely insufficient to prove management's actual or constructive knowledge. As a result, Woolery's claim of retaliation does not survive summary judgment.

### III. CONCLUSION

The Court concludes there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, Defendant's motion for summary judgment is granted.

IT IS SO ORDERED.

DATE: November 6, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[2] The manager implicated in the hostile work environment claim was not implicated in Woolery's retaliation allegations.